## CURBELO *v.* ARRIETA ET AL.

### APPEAL from the District Court of Arecibo.

No. 102.—Decided May 6, 1904.

APPEAL—APPEAL IN CASSATION.—The act of March 12, 1903, converting the court of cassation into a court of appeals, did not leave in force and effect the provisions of the old Law of Civil Procedure granting appeals, but those which fix the procedure, repealing such as relate to the conduct of the appeal in cassation.

ID.—An appeal lies only in those cases in which an appeal in cassation would formerly lie.

ID.—FINAL JUDGMENT.—An appeal lies from final decisions only, it being understood by such those which put an end to the action or make its continuation impossible.

#### STATEMENT OF THE CASE.

This is an appeal taken by José Peruchet Castell in a declaratory action instituted by Serafina Curbelo de Díaz against Miguel Arrieta Dorregaray, in the District Court of Arecibo, involving a claim to joint ownership, José Peruchet Castell and Francisco Gumersindo Díaz, the latter as assignee

el Don José Peruchet Castell y Don Francisco Gumersindo Diaz, como cesionario de la Curbelo, representando y defendiendo ante esta Corte Suprema á la parte recurrente, el Letrado Don Jacinto Texidor, sin que hayan comparecido las partes recurridas.

*Resultando*: que con fecha diez y seis de Abril del año próximo pasado, Doña Serafina Curbelo, con el consentimiento de su esposo Don Arturo E. Diaz, presentó demanda ante el Tribunal de Distrito de Arecibo contra Don Miguel Arrieta, con súplica de que se declarara oportunamente, por sentencia, pertenecerle en plena propiedad el condominio de la 5ª. parte de una casa situada en la plaza del pueblo de Camuy, la que venía poseyendo Arrieta hacía más de quince años, condenando en su consecuencia al demandado á la entrega de ese condominio y de todos los frutos y utilidades que correspondan, con las costas á su cargo.

*Resultando*: que al contestar la demanda Don Miguel Arrieta interesó se declarara sin lugar, con las costas á la parte actora, y como alegara, entre otras cosas, que había vendido por escritura pública á Don José Peruchet Castell, todos los derechos y acciones que representaba en la casa de que se trata, pidió la demandante se confiriera traslado de la demanda á Peruchet y Castell, quien lo evacuó en los términos que estimó conducentes á su defensa.

*Resultando*: que en tal estado el juicio, se personó en autos Don Francisco Gumersindo Diaz Valcarcel, alegando que por escritura pública, cuya copia acompañó otorgada en 20 de Julio de 1903, Doña Serafina Curbelo le había cedido todos los derechos y acciones que tenía sobre la casa en cuestión, y solicitó se le tuviera por parte como cesionario de la Curbelo, subrogado en todos los derechos y acciones de la misma, á cuyo auto recayó providencia en 20 de Agosto del año citado teniendo por parte en el juicio·á Diaz Valcárcel en el concepto expresado y ordenando se diera traslado de dicho escrito á los demandados por término de tres días.

of Curbelo, having also intervened. The appellant was represented in the Supreme Court by Attorney Jacinto Texidor, the respondents failing to appear.

Under date of April 16 of last year, Serafina Curbelo, with the consent of her husband, Arturo E. Díaz, filed a complaint in the District Court of Arecibo against Miguel Arrieta, praying that in due time judgment be rendered, declaring her full and absolute owner of the one-fifth part of a house standing on the plaza in the town of Camuy, as joint owner thereof, and of which Arrieta had been in possession for over fifteen years, and that the defendant be adjudged to deliver said portion of joint ownership and all the corresponding products and profits thereof, with costs taxed against him.

Upon answering the complaint Miguel Arrieta prayed that the same be dismissed, with costs against the plaintiff, and having alleged, among other things, that he had by public deed sold to José Peruchet Castell all his rights and actions in aforesaid house, the plaintiff asked that notice of the complaint be served upon Peruchet y Castell, who returned the same with such remarks as were deemed conducive to his case.

At this stage of the proceedings Francisco Gumersindo Díaz Valcárcel appeared to the record, alleging that by public deed, executed July 20, 1903, of which he accompanied a copy, Serafina Curbelo had assigned to him all her rights and actions in the aforesaid house, and requested that he be entered as a party to the suit as assignee of said Curbelo, and subrogated to all her rights and actions. On August 20 of aforesaid year, an order was made admitting Díaz Valcárcel as a party to the suit in the above-mentioned capacity, and directing that three days' notice of said petition be given to the defendants.

*Resultando* : que además de formular la representación de Don José Peruchet protesta de nulidad con motivo de la providencia expresada, utilizó contra ella recurso de reposición pidiendo se dejara sin efecto y se diera traslado á las partes del escrito que motivó aquella providencia, para que manifestaran lo que tuvieran por conveniente antes de que Don Francisco Gumersindo Diaz pudiera estimarse subrogado en los derechos y acciones de Doña Serafina Curbelo, y habiendo por formulada el Tribunal de Arecibo la protesta de nulidad, en providencia de 27 de Agosto citado, y declarado no haber lugar á admitir el recurso de reposición, ejercitó Perchut el de apelación contra dicha providencia de 27 de Agosto.

*Resultando* que admitido el recurso de apelación y elevados los autos á esta Corte Suprema previa citación y emplazamiento de las partes, fué tramitado aquél en la forma correspondiente, señalándose día para la vista, que tuvo lugar con la sola asistencia del Letrado de la parte apelante.

Abogado del apelante : *Sr. Texidor.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* : que la ley de 12 de Marzo del año pasado transformando la Corte Suprema de Casación en Tribunal de Apelación no dió fuerza y vigor á todos los preceptos de la Ley de Enjuiciamiento Civil que otorgan el recurso de apelación, sino únicamente á los que fijan la tramitación de dicho recurso en los antiguos juicios de mayor cuantía con supresión del apuntamiento, como así lo prescribe aquella ley en su Sección 3ª., derogando expresamente en la 2ª los trámites antes establecidos para la sustanciación de los recursos de casación.

*Considerando* : que al ordenar la citada ley de 12 de Marzo en su Sección 4ª. que en todos los casos en que la ley de Enjuiciamiento Civil habla de recursos de casación se entenderán de apelación, reveló claramente la intención del legislador de que el recurso de apelación para ante la Corte Suprema se dá

Counsel for José Peruchet, besides entering a protest of nullity against aforesaid order, asked that the same be reconsidered and vacated, and that the petition giving rise to said order be referred to the parties, so that they might make such statements as were deemed advisable, before Francisco Gumersindo Díaz could be considered as subrogated to the rights and actions of Serafina Curbelo. In an order of the 27th of August, aforesaid, the Arecibo court took notice of the protest of nullity, and declared that the rehearing prayed for did not lie, whereupon Peruchet took an appeal from aforesaid order of August 27.

The appeal having been allowed and the record forwarded to this Supreme Court, after citation of the parties, the same was taken up under the proper procedure and a day set for the hearing, which took place, counsel for the appellant being the only party present.

*Mr. Texidor,* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The act of March 12, 1903, establishing the Supreme Court as a court of appeals, did not leave in full force and effect all the provisions of the Law of Civil Procedure allowing appeals, but only those under which the procedure conforms to the provisions of the Law of Civil Procedure for suits of greater import, suppressing the proceedings known by the name of "apuntamiento," as prescribed by section 3 of aforesaid act, which expressly repealed, under section 2, all the sections of the Law of Civil Procedure establishing proceedings for appeals in cassation.

The aforesaid act of March 12, in prescribing, under section 4 thereof, that in all cases where reference is made in the Law of Civil Procedure to appeals in cassation, the same shall be construed as meaning ordinary appeals, clearly reveals that it was the intention of the legislator that appeals to the Su-

actualmente contra las mismas resoluciones que antes podían ser objeto del recurso de casación, según la Ley de Enjuiciamiento Civil.

*Considerando*: que esa ley, en sus artículos 1687 y 1688 enumera las resoluciones contra las cuales procedía antes el recurso de casación, y por tanto, hoy el de apelación, sin que entre dichas resoluciones pueda estimarse comprendida la que es materia del presente recurso, que no puede calificarse de definitiva, pues no pone término al pleito ni hace imposible su continuación.

*Fallamos*: que debemos declarar y declaramos no haber lugar á resolver el recurso de apelación interpuesto por Don José Peruchet Castell con las costas del recurso á cargo del apelante y con certificación de esta resolución, devuélvanse los autos al Tribunal de Distrito de Arecibo, á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

preme Court shall now be allowed from the same decisions as those that could formerly be the object of appeals in cassation, under the Law of Civil Procedure.

Said law, in articles 1687 and 1688, specifies the decisions from which appeals in cassation, now therefore on appeal, could formerly be resorted to, and the subject-matter of the present appeal cannot be considered as included in aforesaid enumeration, since it deals with a decision which cannot be described as final, inasmuch as it does not terminate the action nor render its continuation impossible.

We adjudge that we should declare and do declare that the appeal taken by José Peruchet Castell cannot be considered, and impose costs upon appellant. The record is ordered to be returned to the District Court of Arecibo, with a certificate of the present decision, for such action as may be proper.

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.